UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

MONTRELL DARSHAWN MORGAN,

        Plaintiff,

v.

HEIDI WASHINGTON et al.,

        Defendants.
_____/

Case No. 1:24-cv-165

Honorable Jane M. Beckering

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has sought leave to proceed *in forma pauperis*. (ECF No. 2.) The Court will grant Plaintiff such leave because his financial documents indicate that he is unable to pay the full filing fee at once.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Washington, King, Klingel, and Russell. The Court will also dismiss, for failure to state a claim, the following claims against Defendants Roundtree and Vela: (1) Plaintiff's official capacity claims; and (2) any intended Eighth Amendment claims against Defendant Roundtree

premised upon the use of mace and Defendant Roundtree's failure to provide medical assistance. Plaintiff's personal capacity Eighth Amendment failure to protect claims against Defendants Roundtree and Vela remain in the case.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Muskegon County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues MDOC Director Heidi Washington and Richard D. Russell, named as the manager of the grievance section of the MDOC's Office of Legal Affairs. Plaintiff also names the following personnel at LRF: Warden Christopher King, Lieutenant Unknown Klingel, and Correctional Officers Unknown Roundtree and Unknown Vela. Plaintiff indicates that he is suing all Defendants in their official and personal capacities. (Compl., ECF No. 1, PageID.2–3.)

Plaintiff alleges that on July 29, 2023, he was "attacked from behind by an unknown inmate and responded in self-defense." (*Id.*, PageID.3.) Defendant Roundtree "maced" Plaintiff and placed him in hand restraints. (*Id.*) Plaintiff states that by that time, "there were approximately 17 inmates fighting." (*Id.*, PageID.4.) Defendant Roundtree "placed [Plaintiff] on base and left [him] unprotected and bleeding and in need of medical assistance." (*Id.*)

Plaintiff alleges that another inmate approached him and "began striking [Plaintiff] with a closed fist multiple times in [Plaintiff's] left eye[,] causing severe damage." (*Id.*) Another inmate acted to defend Plaintiff. (*Id.*) Plaintiff contends that although Defendants Roundtree and Vela were "present and aware of" Plaintiff being attacked while in restraints, they did not secure him or remove him "from the apparent hostile environment." (*Id.*) Plaintiff claims that he had to "run from a third assailant who was w[i]elding a pool stick [and was] attempting to further assault

[Plaintiff]." (*Id.*) Plaintiff barricaded himself against the JPay room door. (*Id.*) Shortly thereafter, non-party Officer Perla entered and, with another officer's help, escorted Plaintiff out of the unit. (*Id.*)

Plaintiff "tried to speak with Defendant Warden King and his administrative staff to resolve this matter but the blame was put upon [Plaintiff]." (*Id.*, PageID.5.) Plaintiff faults Defendant King for allowing Defendant Roundtree "to continue work with no consequences." (*Id.*) Defendant Klingel investigated the incident. (*Id.*) Moreover, Plaintiff notified Defendants Washington and Russell of the incident through his grievances. (*Id.*, PageID.6.)

Based on the foregoing, Plaintiff asserts Eighth Amendment failure to protect claims[1] against Defendants.[2] As relief, he seeks compensatory, punitive, and nominal damages. (*Id.*)

---

[1] The Court construes Plaintiff's complaint to assert Eighth Amendment failure to protect claims against Defendants. To the extent that Plaintiff intended to raise any Eighth Amendment claims premised upon his references to Defendant Roundtree's use of mace and the fact that Defendant Roundtree "placed [Plaintiff] on base and left [him] unprotected and bleeding and in need of medical assistance," he would fail to state a claim. (Compl., ECF No. 1, PageID.4.) Specifically, even if the Court were to construe Plaintiff's complaint as asserting such claims, Plaintiff's complaint is devoid of facts from which the Court could infer that Defendant Roundtree deployed mace "maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The Sixth Circuit has noted that "the use of mace to control a prison inmate is not malicious or sadistic." *Combs v. Wilkinson*, 315 F.3d 548, 557 (6th Cir. 2002). Here, Plaintiff admits that the use of mace occurred when another inmate attacked him, and Plaintiff responded in self-defense. Moreover, Plaintiff alleges no facts, besides stating that he was bleeding, to suggest that Defendant Roundtree knew of a serious medical need and disregarded that need. Plaintiff provides no facts regarding the amount of bleeding he suffered, and minor injuries do not constitute serious medical needs. *See Lockett v. Suardini*, 526 F.3d 866, 876 (6th Cir. 2008) *see also Zentmyer v. Kendall Cnty., Ill.*, 220 F.3d 805, 810 (7th Cir. 2000) (reasoning that the failure to treat "the sorts of ailments [including scrapes and bruises] for which many people who are not in prison do not seek medical attention—does not . . . violate the Constitution").

[2] In the "Jurisdiction" section of Plaintiff's complaint, he states that he brings this action "pursuant to 42 U.S.C. § 1983" and that he "further invokes the supplemental jurisdiction of this Court to hear and decide[] claims arising under state law." (ECF No. 1, PageID.2.) Although Plaintiff references supplemental jurisdiction over claims arising under state law, the complaint contains no further reference to state law claims. The Court concludes that Plaintiff's reference to supplemental jurisdiction, without presenting any actual state law claims in the complaint, is

3

**II.      Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

---

insufficient to suggest that Plaintiff intended to bring any state law claims in this action. Moreover, even if Plaintiff intended to bring state law claims, his vague and conclusory reference to such claims would be insufficient to state any such claim upon which relief may be granted.

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Official Capacity Claims

As noted above, Plaintiff indicates that he is suing all Defendants in their official and personal capacities. Although an action against a defendant in his or her individual capacity intends to impose liability on the specified individual, an action against the same defendant in his or her official capacity intends to impose liability only on the entity that they represent. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity: in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the United States Court of Appeals for the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010).

Here, Plaintiff seeks compensatory, punitive, and nominal damages as relief. Official capacity defendants, however, are absolutely immune from monetary damages. *See Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). The Court, therefore, will dismiss Plaintiff's official capacity claims against Defendants in their entirety.

### B. Personal Capacity Claims

#### 1. Claims Against Defendants Washington, King, Klingel, and Russell

Plaintiff seeks to hold Defendants Washington, King, Klingel, and Russell liable for violations of his Eighth Amendment rights premised upon their responses, or lack thereof, to the July 29, 2023, incident.

Government officials, however, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell*, 436 U.S. at 691; *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Here, Plaintiff fails to allege any facts suggesting that Defendants Washington, Russell, King, and Klingel encouraged or condoned the conduct of their subordinates, or authorized, approved, or knowingly acquiesced in that conduct. Plaintiff suggests only that Defendant King continued to allow Defendant Roundtree to work and that Defendant Klingel did not adequately investigate the incident. He also suggests that Defendants Washington and Russell failed to act upon Plaintiff's grievances concerning the incident. However, such allegations are insufficient to impose § 1983 liability. *See Shehee*, 199 F.3d at 300. Plaintiff's conclusory allegations are insufficient to demonstrate that Defendants Washington, Russell, King, and Klingel were personally involved in the events described in Plaintiff's complaint.

Furthermore, to the extent Plaintiff suggests that these individuals violated his rights by failing to investigate his grievances and by denying his grievances, the Court notes that Plaintiff has no due process right to file a prison grievance. The courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,*

7

30 F. App'x 568, 569–70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, these Defendants did not deprive him of due process.

Moreover, these Defendants did not violate Plaintiff's First Amendment right to petition the government. The First Amendment "right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 285 (1984) (holding the right to petition protects only the right to address government; the government may refuse to listen or respond).

Finally, these Defendants' actions (or inactions) have not barred Plaintiff from seeking a remedy for his complaints. *See Cruz v. Beto*, 405 U.S. 319, 321 (1972). "A prisoner's constitutional right to assert grievances typically is not violated when prison officials prohibit only 'one of several ways in which inmates may voice their complaints to, and seek relief, from prison officials' while leaving a formal grievance procedure intact." *Griffin v. Berghuis*, 563 F. App'x 411, 415–16 (6th Cir. 2014) (citing *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 130 n.6 (1977)). Indeed, Plaintiff's ability to seek redress is underscored by his *pro se* invocation of the judicial process. *See Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Even if Plaintiff had been improperly prevented from filing a grievance, his right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file

institutional grievances, and he therefore cannot demonstrate the actual injury required for an access-to-the-courts claim. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 355 (1996) (requiring actual injury); *Bounds v. Smith*, 430 U.S. 817, 821–24 (1977). The exhaustion requirement only mandates exhaustion of *available* administrative remedies. *See* 42 U.S.C. § 1997e(a). If Plaintiff were improperly denied access to the grievance process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action. *See Ross v. Blake*, 578 U.S. 632, 640–44 (2016) (reiterating that, if the prisoner is barred from pursuing a remedy by policy or by the interference of officials, the grievance process is not available, and exhaustion is not required); *Kennedy v. Tallio,* 20 F. App'x 469, 470–71 (6th Cir. 2001).

In light of the following, the Court finds that Plaintiff has failed to state cognizable claims against Defendants Washington, Russell, King, and Klingel, and such claims will be dismissed.

### 2. Defendants Roundtree and Vela

Plaintiff faults Defendants Roundtree and Vela for violating his Eighth Amendment rights by failing to protect him during the July 23, 2023, incident. As noted above, Plaintiff alleges that while he was in hand restraints, he was assaulted by another inmate and chased by a third inmate with a pool stick. (Compl., ECF No. 1, PageID.4.) Plaintiff contends that Defendants Roundtree and Vela knew that Plaintiff was in restraints and saw him being assaulted but did nothing to secure Plaintiff or remove him from the area. (*Id.*)

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer*, 511 U.S. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, a plaintiff must show that the prison official acted with "deliberate indifference" to a substantial risk of

serious harm facing the plaintiff. *Id.* at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Bishop v. Hackel*, 636 F.3d 757, 766–67 (6th Cir. 2011); *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 79 (6th Cir. 1995). Deliberate indifference is a higher standard than negligence and requires that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Bishop*, 636 F.3d at 766–67.

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer*, 511 U.S. at 833. Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). In particular, because officials have "stripped [prisoners] of virtually every means of self-protection[,]" "officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833 (ellipses in original) (citations omitted). To establish a violation of this right, Plaintiff must show that each Defendant was deliberately indifferent to Plaintiff's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880–81 (6th Cir. 1988). While a prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim, he must at least establish that he reasonably fears such an attack. *Thompson v. Cnty. of Medina*, 29 F.3d 238, 242–43 (6th Cir. 1994) (holding that plaintiff has the minimal burden of "showing a sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety").

Here, although Plaintiff has by no means proven deliberate indifference, the Court must take his allegations in the light most favorable to him. Given Plaintiff's allegations, Plaintiff's personal capacity Eighth Amendment failure to protect claims against Defendants Roundtree and Vela may not be dismissed at screening.

## Conclusion

The Court will grant Plaintiff leave to proceed *in forma pauperis* in this matter. (ECF No. 2.) Moreover, having conducted the review required by the PLRA, the Court determines that Defendants Washington, King, Klingel, and Russell will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, the following claims against Defendants Roundtree and Vela: (1) Plaintiff's official capacity claims; and (2) any intended Eighth Amendment claims against Defendant Roundtree premised upon the use of mace and Defendant Roundtree's failure to provide medical assistance. Plaintiff's personal capacity Eighth Amendment failure to protect claims against Defendants Roundtree and Vela remain in the case.

An order consistent with this opinion will be entered.

Dated:   March 28, 2024                         /s/ Jane M. Beckering
                                                Jane M. Beckering
                                                United States District Judge