UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONTRELL DARSHAWN MORGAN
#805616,

        Plaintiff,                                          Hon. Jane M. Beckering

v.                                                         Case No. 1:24-cv-165

HEIDI WASHINGTON, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before me on Defendant Vela's Motion for Summary Judgment on the Basis of Exhaustion. (ECF No. 15.) Plaintiff has failed to respond to Defendant's motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c).[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **grant** the motion and **dismiss** Plaintiff's claim against Defendant Vela **without prejudice** for lack of exhaustion.

Plaintiff, who is currently incarcerated with the Michigan Department of Corrections (MDOC) at Carson City Correctional Facility, filed a complaint against several MDOC employees on February 20, 2024, alleging claims pursuant to 42 U.S.C. § 1983 based on events that occurred at Earnest C. Brooks Correctional Facility (LRF) while Plaintiff was housed there in July 2023. Following the Court's initial review pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C.

---

[1] Although Plaintiff is proceeding pro se, he is still expected to comply with the applicable court rules. *See Strohmeyer v. Chase Bank USA, N.A.*, No. 3:17-cv-443, 2018 WL 2669991, at *2 (E.D. Tenn. June 4, 2018) ("It is correct that pro se parties are expected to comply with the rules of procedure just as parties represented by counsel must do."); *Jones v. Graley,* No. 2:05-cv-773, 2006 WL 1697637, at *1 (S.D. Ohio June 20, 2006) (although federal courts have treated pro se litigants more leniently, they "are still expected to comply with the procedural rules of the court").

§ 1997e(c), Plaintiff's remaining claims are his individual capacity Eighth Amendment failure to protect claims against Defendants Roundtree and Vela. (ECF No. 4 at PageID.28.)

Plaintiff alleges that on July 29, 2023, he was "attacked from behind by an unknown inmate and responded in self-defense." (ECF No. 1 at PageID.3.) Defendant Roundtree "maced" Plaintiff and placed him in hand restraints. (*Id.*) Plaintiff states that by that time, "there were approximately 17 inmates fighting." (*Id.* at PageID.4.) Defendant Roundtree "placed [Plaintiff] on base and left [him] unprotected and bleeding and in need of medical assistance." (*Id.*)

Plaintiff alleges that another inmate approached him and "began striking [Plaintiff] with a closed fist multiple times in [Plaintiff's] left eye[,] causing severe damage." (*Id.*) Another inmate acted to defend Plaintiff. (*Id.*) Plaintiff contends that although Defendants Roundtree and Vela were "present and aware of" Plaintiff being attacked while in restraints, they did not secure him or remove him "from the apparent hostile environment." (*Id.*) Plaintiff claims that he had to "run from a third assailant who was w[i]elding a pool stick [and was] attempting to further assault [Plaintiff]." (*Id.*) Plaintiff barricaded himself against the JPay room door. (*Id.*) Shortly thereafter, non-party Officer Perla entered and, with another officer's help, escorted Plaintiff out of the unit. (*Id.*)

Defendant Vela moves for summary judgment based on Plaintiff's failure to exhaust his administrative remedies on his claim against Defendant Vela. Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)). In addition, because failure to exhaust is an affirmative defense upon which a defendant bears the burden of proof, *see Jones v.*

*Bock*, 549 U.S. 199, 216 (2007), the Court must ensure that "no reasonable trier of fact could find other than for [Defendants]." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

The Supreme Court has held that a prisoner properly exhausts a claim for purposes of 42 U.S.C. § 1997e(a) by complying with the prison's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Jones*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones*, 549 U.S. at 218. A prisoner incarcerated with the MDOC must "pursue a grievance through all three steps of the grievance process [set forth in MDOC Policy Directive 03.02.130]." *Weatherspoon v. Strahan*, No. 18-2210, 2019 WL 5306842, at *1 (6th Cir. June 4, 2019). This process must be completed at all levels prior to filing an action in federal court. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

In support of his motion, Defendant Vela attaches a Step III Grievance Report for Plaintiff dated April 8, 2024, which shows the grievances arising out of LRF that Plaintiff initiated at Step I on or after July 29, 2023, and pursued through Step III. (ECF No. 16-3.) The Step III report shows that Plaintiff pursued only one grievance out of LRF that he filed during that time, Grievance LRF-23-08-0913-17Z. In his Step I grievance, Plaintiff did not name any MDOC employee by name but identified only "[t]he staff member that left me unsecure [and] placed me in a situation where my life was in danger and clearly failed to secure and protect me." (*Id.* at PageID.87.) The Step I response identified this officer as Defendant Roundtree. Although the Step I response mentions Defendant Vela, it notes only that he was just a couple feet away from securing Plaintiff when another prisoner began punching Plaintiff. (*Id.* at PageID.88.) Plaintiff's Step II appeal merely claimed that "Step One was denied for no reason and no resolve." (*Id.* at PageID.85.) The Step II

3

response stated that Plaintiff offered no additional evidence to support his claim against Defendant Roundtree, who was required to respond to other prisoners fighting. (*Id.* at PageID.86.) Finally, in his Step III appeal, Plaintiff once again pointed only to Defendant Roundtree's conduct of leaving Plaintiff in a "hostile environment," leading to Plaintiff being assaulted. (*Id.* at PageID.85.)

Defendant Vela has met his burden of showing that he is entitled to summary judgment based on Plaintiff's failure to exhaust his Eighth Amendment claim against Defendant Vela. Plaintiff did not mention Defendant Vela or his conduct at any point in the grievance process. Accordingly, Plaintiff's claim against Defendant Vela should be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, I recommend that Defendant Vela's motion for summary judgment (ECF No. 15) be **granted** and that Plaintiff's claim against Defendant Vela be **dismissed without prejudice**.

Dated: January 21, 2025                    /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).